# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CITIZENS AGAINST CORRUPTION, an organization; THE GREEN MILE, a California Unincorporated Association; GREEN CROSS OF NORTH BAKERSFIELD, a California Corporation; BIG O RELIEF; a California Corporation; TANNER-VEST, INC., a California Corporation,**<br><br>**Plaintiffs**<br><br>v.<br><br>**COUNTY OF KERN, a political subdivision of the State of California; KERN COUNTY BOARD OF SUPERVISORS, collectively; LETICIA PEREZ, individually and as Kern County Supervisor; MICK GLEASON, individually and as Kern County Supervisor; DAVID COUCH, individually and as Kern County Supervisor; MIKE MAGGARD, individually and as Kern County Supervisor; ZACK SCRIVNER, individually and as Kern County Supervisor; KERN COUNTY SHERIFF'S DEPARTMENT, collectively; DONNY YOUNGBLOOD, individually and as Kern County Sheriff; KERN COUNTY COUNSEL'S OFFICE, collectively; MARK L. NATIONS, individually and as Kern County Counsel; JAMES BRENNAN, individually and as Deputy Kern County,**<br><br>**Defendants** | **CASE NO. 1:19-CV-0106 AWI GSA JLT**<br><br>**ORDER RE: PLAINTIFFS' APPLICATION FOR ORDER STAYING ENFORCEMENT**<br><br>**(Doc. 11)** |

Plaintiffs are medical marijuana dispensaries located in Kern County. They have filed suit against Kern County and associated individuals alleging that adoption and enforcement of Kern

County Ordinance Code § 19.08.055, which deals with the licensing of marijuana dispensaries under California law, violates their constitutional rights in contravention of 42 U.S.C. §§ 1981 and 1983.

Plaintiffs have filed a request termed "PLAINTIFFS' APPLICATION FOR ORDER STAYING ENFORCEMENT OF KERN COUNTY ORDINANCE CODE SECTION 19.08.055. (28 U.S.C.S., §2283; 42 U.S.C.S., §1983)." This appears to be a request for a preliminary injunction to enjoin any legal authorities from enforcing the ordinance. Under federal standards, to obtain a preliminary injunction, a party must show "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of the equities tips in his favor, and (4) that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008), citations omitted. Further, that movant must "make a showing on all four prongs." All. For The Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). In their filing, Plaintiffs only address the issue of whether the U.S. District Court has the authority to enjoin state authorities in this circumstance. They ignore the preliminary injunction standard and make no attempt at show how each of the four prongs are met in this case. Additionally, Eastern District Local Rule 231(d) sets out additional procedural requirements. Plaintiffs have not followed the local rules either.

Consequently, Plaintiff's application for order staying enforcement is DENIED.

IT IS SO ORDERED.

Dated: March 7, 2019

_____
SENIOR DISTRICT JUDGE