# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CITIZENS AGAINST CORRUPTION**, an organization; **THE GREEN MILE**, a California Unincorporated Association; **GREEN CROSS OF NORTH BAKERSFIELD**, a California Corporation; **BIG O RELIEF**; a California Corporation; **TANNER-VEST, INC.**, a California Corporation, <br><br> **Plaintiffs** <br><br> v. <br><br> **COUNTY OF KERN**, a political subdivision of the State of California; **KERN COUNTY BOARD OF SUPERVISORS**, collectively; **LETICIA PEREZ**, individually and as Kern County Supervisor; **MICK GLEASON**, individually and as Kern County Supervisor; **DAVID COUCH**, individually and as Kern County Supervisor; **MIKE MAGGARD**, individually and as Kern County Supervisor; **ZACK SCRIVNER**, individually and as Kern County Supervisor; **KERN COUNTY SHERIFF'S DEPARTMENT**, collectively; **DONNY YOUNGBLOOD**, individually and as Kern County Sheriff; **KERN COUNTY COUNSEL'S OFFICE**, collectively; **MARK L. NATIONS**, individually and as Kern County Counsel; **JAMES BRENNAN**, individually and as Deputy Kern County, <br><br> **Defendants** | **CASE NO. 1:19-CV-0106 AWI GSA JLT** <br><br> **ORDER RE: MOTION TO DISMISS, TO QUASH, AND TO STRIKE; MOTION FOR PRELIMINARY INJUNCTION** <br><br> (Docs. 13 and 22) |

# I. Background

Plaintiffs Green Mile, Green Cross of North Bakersfield, Big O Relief, and Tanner-Vest, Inc. are medical marijuana dispensaries located in Kern County. Plaintiff Citizens Against Corruption is a group of Kern County dispensary owners and operators. They have filed suit against Kern County and associated officials alleging that adoption and enforcement of Kern County Ordinance Code ("KCOC") § 19.08.055, which deals with the licensing of marijuana dispensaries under California law, violates their constitutional rights in contravention of 42 U.S.C. §§ 1981 and 1983.

Since 1996, California has been undergoing a process of decriminalization/legalization of marijuana growth, distribution, possession, and use under state law. In 2006, Kern County began to allow the issuance of business licenses to medical marijuana dispensaries in the unincorporated parts of Kern County under KCOC Chapter 5.84. In 2009, Kern County enacted Ordinance G-7849 which modified KCOC Chapter 5.84 to allow dispensaries to operate in commercially zoned areas as well. In 2011, Kern County tried to reverse course and ban dispensaries altogether under Ordinance G-8191. Instead, a ballot initiative, Measure G, was passed by the voters in 2012 which permitted dispensaries in industrial zones. Measure G and Kern County's laws were challenged in a pair of state court cases. The California Fifth District Court of Appeal ultimately invalidated Measure G, invalidated Ordinance G-8191, and reinstated Ordinance G-7849 which had the effect of permitting dispensaries in commercially zoned areas. Cty. of Kern v. T.C.E.F., Inc., 246 Cal. App. 4th 301, 308 (Cal. App. 5th Dist. 2016). In particular the Fifth District Court of Appeal stated "board of supervisors must revoke the protested ordinance [G-8191] in all its parts and must not take additional action that has the practical effect of implementing the essential feature of the protested ordinance." Id. at 306. In response, Kern County enacted Ordinance G-8630 which imposed a moratorium on issuing licenses to new medical marijuana dispensaries; it permitted the continued operation of dispensaries which were already open as of May 10, 2016. In October 2017, Kern County passed Ordinance G-8739 which codified KCOC § 19.08.055. In key part, the new law had a stated purpose of banning marijuana dispensaries and only permitted the existing dispensaries to continue operation for an additional 12 months. These dispensaries had to

apply to the Director of the Department of Planning (Lorelei Oviatt) for a temporary license.

Plaintiffs, which are dispensaries located in commercially zoned areas and began operations before May 10, 2016, applied for these temporary licenses but were denied. Kern County law enforcement has raided some of Plaintiffs' locations, confiscated their products, and charged them with violating criminal laws. In January 2019, Plaintiffs brought this suit arguing that KCOC § 19.08.055 violated the language of the Fifth District Court of Appeal opinion and that the temporary licenses have been arbitrarily, and unfairly distributed. Plaintiffs' complaint comprises three causes of action and requests for relief. Doc. 1. Plaintiffs seek relief under 42 U.S.C. §§ 1981 and 1983 for violations of Fourteenth Amendment due process, equal protection (racial discrimination), and equal protection (class of one).

Defendants filed a motion to dismiss for failure to state a claim, motion to quash, and a motion to strike. Doc. 13. Plaintiffs oppose the motions. Doc. 19.

**II. Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. Rule Civ. Proc. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). The Ninth Circuit has distilled the following principles from Iqbal and Twombly: (1) to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; (2) the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. Dichter-Mad Family Partners. LLP v. United States, 709 F.3d 749, 761 (9th Cir. 2013). If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made." Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012). However, leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities. Mueller v. Aulker, 700 F.3d 1180, 1191 (9th Cir. 2012); Telesaurus VPC. LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

### III. Discussion

**A. Section 1983 - Due Process**

Plaintiffs assert "The Ordinance, Kern County Ordinance Code, is an unconstitutional abridgment on its face and as applied of the Plaintiffs' affirmative rights to due process under the United States Constitution, Fourteenth Amendment." Doc. 1, 39:18-21. "The Due Process Clause of the Fourteenth Amendment encompasses two types of protections: substantive rights (substantive due process) and procedural fairness (procedural due process)." Sanchez v. City of Fresno, 914 F. Supp. 2d 1079, 1099 (E.D. Cal. 2012), citing Zinermon v. Burch, 494 U.S. 113,

125-28 (1990).  "To obtain relief on § 1983 claims based upon procedural due process, the plaintiff must establish the existence of '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" Guatay Christian Fellowship v. Cty. of San Diego, 670 F.3d 957, 983 (9th Cir. 2011) quoting Portman v. Cty. of Santa Clara, 995 F.2d 898, 904 (9th Cir.1993).

Plaintiffs in opposition clarified that "The acts complained in Plaintiffs' Due Process Complaint arise from the enactment and enforcement of KCOC §19.08.055. Kern County Planning Director Lorelei Oviatt has stated that she was the only person who had authority to grant or deny a temporary medical marijuana dispensary license. KCOC §19.08.055 provides the process that the County of Kern is supposed to follow when an application is received for a license pursuant to KCOC §19.08.055. However, as Exhibit I to Doc. No. 8 clearly shows, that procedure has not been followed and Plaintiffs have described in their Complaint how Defendants' failure to follow that procedure has injured Plaintiffs." Doc. 19, 9:19-28.

This case deals with the murky interface of California state law permitting the cultivation and sale of marijuana in some circumstances and the United States federal law banning all such activities.  This court has had to rule on cases presenting facts loosely analogous to those in this case. See Torres v. Cty. of Calaveras, 2018 U.S. Dist. LEXIS 62435 (E.D. Cal. Apr. 12, 2018); Barrios v. Cty. of Tulare, 2014 U.S. Dist. LEXIS 71406 (E.D. Cal. May 22, 2014).  Those precedents illustrate the problems and limitation Plaintiffs face in trying to vindicate rights that depend on California marijuana law in federal court.  Here, Plaintiffs face the insurmountable hurdle that federal law does not recognize any protectible liberty or property interest in the cultivation, ownership, or sale of marijuana.  Even though "state law creates a property interest, not all state-created rights rise to the level of a constitutionally protected interest." Brady v. Gebbie, 859 F.2d 1543, 1548 n.3 (9th Cir. 1988).  "The Supreme Court has held that no person can have a legally protected interest in contraband per se….under federal law, marijuana is contraband per se, which means no person can have a cognizable legal interest in it." Schmidt v. Cty. of Nev., 2011 U.S. Dist. LEXIS 78111, *15-16 (E.D. Cal. July 19, 2011), citing United States v. Jeffers, 342 U.S. 48, 53 (1951).  In an analogous case, the plaintiffs filed a Section 1983 suit,

5

alleging that "Defendants Gunsauls and Estes arrested Plaintiff Staffin despite having sufficient evidence to provide him immunity from arrest under California law and that thirty-three pounds of marijuana found in the car were seized and never returned." Staffin v. County of Shasta, 2013 U.S. Dist. LEXIS 64625, *13 (E.D. Cal. May 6, 2013). The court denied plaintiffs' due process claim as there was no federally protectible "interest to be free from arrest and prosecution for collectively cultivating and possessing marijuana for medical reasons." Id. at *14; see also Torres v. Cty. of Calaveras, 2018 U.S. Dist. LEXIS 62435, *5 (E.D. Cal. Apr. 12, 2018); Barrios v. Cty. of Tulare, 2014 U.S. Dist. LEXIS 71406, *16 (E.D. Cal. May 22, 2014). As framed, Plaintiffs can not make a due process claim.

**B. Sections 1981 and 1983 – Equal Protection Racial Discrimination**

Plaintiffs allege that "Defendants acted under color of law to deny Plaintiffs equal protection of the laws and to discriminate on the basis of race/ethnicity, in violation of 42 U.S.C. §§ 1981 and 1983 when Plaintiffs' applications for temporary retail cannabis license were denied by Defendants and Plaintiffs' dispensaries were raided and owners were arrested and criminally charged by Kern County law enforcement officials." Doc. 1, 44:3-8. Defendants argue that Plaintiffs, which are corporate entities, have not stated sufficient allegations to allow them to sue for racial discrimination. Doc. 13-2, 14:7-25. Plaintiffs did not address Defendants' challenge to this cause of action in their opposition brief. See Doc. 19.

Earlier U.S. Supreme Court precedent suggested that corporations had no racial identity and thus could not sue under Section 1981. Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 263 (1977) ("As a corporation, MHDC has no racial identity and cannot be the direct target of the petitioners' alleged discrimination"). The Ninth Circuit has recognized limited exceptions to this general rule: "In circumstances such as this, a corporation has acquired an imputed racial identity sufficient to take it out of the general observation about corporations made by Justice Powell in Arlington Heights. To receive certain governmental benefits, Thinket was required to be certified as a corporation with a racial identity; further, it alleges that it suffered discrimination because all of its shareholders were African-American. This is quite different from

the situation posed in Arlington Heights where the corporate plaintiff had no particular racial identity." Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1059 (9th Cir. 2004); see also Bains LLC v. ARCO Prods. Co., 405 F.3d 764, 770 (9th Cir. 2005) (imputed ethnic identity established where "the corporation is owned entirely by Sikh shareholders, and while not all of its drivers were Sikhs, even the non-Sikh drivers testified that they were treated poorly by Davis based on their association with what Davis saw as a Sikh company"). Additionally, "as an independent standing rationale, when a corporation experiences direct discrimination injury, it falls within the prudential zone of interest protected under § 1981" and can bring suit. Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1060 (9th Cir. 2004).

In this case, Plaintiffs allege "Members of Citizens Against Corruption include business owners from diverse ethnic backgrounds. David Abbasi, owner of Green Cross of Kern County and Green Cross of North Bakersfield, is of Middle Eastern descent. Alvaro Ordaz and Jose Ordaz, owners of Big O Relief, are of Mexican descent. Saleh Rafeh, owner of The Green Mile, is of Middle Eastern heritage. As noted above, Defendants, and each of them, have stated or shown a disdain for Attorney Abraham Labbad and refuse to work with him or any businesses or persons who retain his services: Abraham Labbad is from the Middle East also. Plaintiffs are informed and believe and based on this belief assert that each Plaintiff has been denied equal treatment under the laws because of their ethnicity." Doc. 1, 34:6-18. Plaintiffs state that the owners of the dispensaries which form the Citizens Against Corruption, a Plaintiff in this case, come from diverse ethnic backgrounds which makes it unclear whether the alleged discrimination applied to all. Plaintiffs have also not stated the ethnic background of the owner of Tanner-Vest, Inc., another Plaintiff in this case. Additionally, as discussed below in the next section, Plaintiffs appear to allege that a number of marijuana dispensaries other than Plaintiffs have suffered adverse actions at the hands of Defendants. These allegations do not make clear that racial discrimination was the motivation for these actions. Overall, Plaintiffs' allegations are insufficiently detailed to establish that each of the Plaintiffs have imputed identity or have otherwise suffered direct racial discrimination in a way that permits Section 1981 and 1983

7

claims.

**C. Section 1983 – Equal Protection Class of One**

Plaintiffs' condensed statement of the class of one claim reads "The County has violated Plaintiffs' equal rights by enacting an ordinance that irrationally banned Plaintiffs' businesses, thereafter denying Plaintiffs' applications for temporary cannabis license[s] that were submitted pursuant to the requirements set forth in the Ordinance, all while giving preferential treatment to a group 'favored' by Defendants and each of them to establish the exact thing that was banned by the enacted Ordinance: medical cannabis dispensaries." Doc. 1, 46:20-26. Defendants argue that Plaintiffs have not sufficiently stated how they were treated differently than similarly situated persons. Doc. 14, 17:4-5. Plaintiffs did not address Defendants' challenge to this cause of action in their opposition brief. See Doc. 19.

"When an equal protection claim is premised on unique treatment rather than on a classification, the Supreme Court has described it as a 'class of one' claim. In order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the City intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008), citations omitted. To be a class of one, the treatment must be directed "solely at him" and not "others similarly situated." Schmidt v. Cty. of Nev., 2011 U.S. Dist. LEXIS 78111, *22 (E.D. Cal. July 19, 2011).

Plaintiffs' allegations do not make clear how they were treated differently than all other similarly situated parties. There appear to be three assertions. First, Plaintiffs seem to argue that KCOC §19.08.055 irrationally treats the class of medical marijuana dispensaries differently than other businesses. This would be treatment based on a classification and would not be a class of one. Second, Plaintiffs argue that they were denied a temporary license. However, it is not clear if all other, non-plaintiff dispensaries were granted licenses. Plaintiffs allege with regards to these licensing process that "no two people have been treated equally, whether in a positive manner or negative manner. Some shops remain open, while other shops are raided; some shops are put on

the list of approved dispensaries; other shops are taken off the list without any due process or equal protection to speak-of except for the word of the Planning Director. If a dispensary owner is 'liked' by the Planning Director, their shop will not be raided and will remain open. However, if the opposite is true, then the business will no longer be in business, the owner and operators will be arrested and assets will be confiscated and forfeited." Doc. 1, 16:25-17:6. Plaintiffs also allege there have been "several raids on Plaintiff' various dispensaries and similarly situated shops." Doc. 1, 32:9-10. The allegations are ambiguous and insufficient to state a claim for class of one discrimination. Third, Plaintiffs argue that Defendants favor a specific group over all other dispensaries currently situated in Kern County. Again, this distinction does not single out Plaintiffs but rather lumps them in with all other dispensaries. Plaintiffs' allegations are insufficient to state a class of one claim.

**D. Leave to Amend**

No possible claim can be made for a Fourteenth Amendment due process claim based on these facts in this court so that claim must be dismissed with prejudice. Plaintiffs' allegations of Fourteenth Amendment equal protection racial discrimination and class of one claims are unclear. Those claims are dismissed with leave to amend. Plaintiffs acknowledge problems with service of the summons and complaint under Fed. Rule. Civ. Proc. 4 and have stated that they are trying to correct the problem. Doc. 19, 6:7-9. Plaintiffs also acknowledge the need to amend the complaint to name the proper defendants in this suit. Doc. 19, 10:22-28. Defendants' other objection to material potentially subject to striking could be corrected with an amended complaint so the court declines to take those issues up at this time.

Since Plaintiffs' complaint is being dismissed with leave to amend, Plaintiffs' motion for preliminary injunction is consequently denied without prejudice. Of concern, Plaintiffs' main assertion in their preliminary injunction motion is that "[KCOC §] 19.08.055 is unconstitutional on its face and as applied to all Plaintiffs in this case. An Order enjoining enforcement of KCOC §19.08.055 is needed pending the resolution of Plaintiffs' Complaint because all Plaintiffs have suffered irreparable injury and will continue to suffer injury to property and their emotional well-

being by reason of Defendants' acts." Doc. 22, 9:14-18. Plaintiffs believe they will succeed on the merits because "THE COUNTY OF KERN VIOLATED THE FIFTH APPELLATE DISTRICT DECISION IN COUNTY OF KERN v. T.C.E.F., 246 CAL.APP.4TH 301, WHEN IT ENACTED AND ENFORCED KCOC § 19.08.055" and "COUNTY OF KERN VIOLATED OVERNMENT CODE 65858 TO GIVE ITSELF 'A TIME OUT' WHEN THERE WAS NO EMERGENCY AS REQUIRED BY THE CODE." Doc. 22, 11:24-27 and 15:14-17. Plaintiffs seek to have KCOC § 19.08.055 thrown out altogether for failure to follow prior court orders and appropriate legal process in the passing of the legislation. They are challenging the statute as a whole more than any unequal enforcement of its provisions. Explained in this manner, Plaintiffs' suit is fundamentally about due process. As discussed above, the federal courts are extremely limited as to what interests can be protected by due process when it comes to state medical marijuana laws. As framed by the stated causes of action in the existing complaint, Plaintiffs can not get the relief they ultimately seek in this court. California courts applying California due process standards may very well undertake a different analysis.

**IV. Order**

    Defendants' motion to dismiss is GRANTED. Plaintiffs' Section 1983 Fourteenth Amendment due process claim is DISMISSED with prejudice. Plaintiffs' Sections 1981 and 1983 Fourteenth Amendment equal protection racial discrimination and class of one claims are DISMISSED without prejudice, with leave to amend.

    Plaintiffs' motion for preliminary injunction is DENIED without prejudice.

    If Plaintiffs wish to proceed with this case in this court, an amended complaint must be filed by May 31, 2019.

IT IS SO ORDERED.

Dated:   May 3, 2019                                                         
                                                   SENIOR DISTRICT JUDGE